UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN BURROUGHS,
        Plaintiff,

   v.                                                                              Case No. 15-CV-754

DR. ALBA,
        Defendant,

## DECISION AND ORDER

Plaintiff, Justin Burroughs, has filed a complaint under 42 U.S.C. § 1983 regarding medical care he received from Dr. Alba at the Wisconsin Resource Center. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion that his attorney be admitted to practice without the required fee, and for screening of plaintiff's complaint.

### I. Plaintiff's Motion for Leave to Proceed In Forma Pauperis

Plaintiff has been assessed and paid an initial partial filing fee of $26.29. I will grant his motion for leave to proceed in forma pauperis.

### II. Plaintiff's Motion for Waiver of Fee

Plaintiff has filed a motion asking that his attorney be admitted to practice in this court without paying the customary admission fee, which is currently $211.00. Plaintiff argues that he is an indigent prisoner who has requested that Attorney Gabriel B. Galloway represent him in this case in this court. Counsel is not a member of the bar of this court, but he is a member of several other bars, including the United States District Court for the Western District of Wisconsin and the United States Court of Appeals for the Seventh

Circuit. Counsel is experienced in and dedicated to the representation of indigent person and to the representation of incarcerated persons.

Plaintiff's motion does not in any way suggest that counsel is indigent or unable to pay the admission fee. In fact, he has paid the admission fee in a number of other jurisdictions.

In another case in this district, counsel was admitted to practice without payment of the admission fee, but that admission was limited to that case only. <u>See</u> Case No. 13-CV-428 (E.D. Wis.), ECF No. 13. Although he was allowed a waiver of the admission fee in that case, I will not extend that one-time only courtesy. I am wary of creating a class of cases in which the circumstances of the plaintiff (incarceration) or the type of claims (1983) exempt attorneys from the rules regarding practicing in this court. I will deny this motion and give counsel 30 days to be admitted to practice before this court. Otherwise, he may not continue representing plaintiff in this action.

### III. Screening

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts

2

Case 2:15-cv-00754-LA   Filed 07/23/15   Page 2 of 7   Document 8

and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

3

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

At all time relevant to this complaint, plaintiff was incarcerated at the Wisconsin Resource Center and diagnosed with depression and Post-Traumatic Stress Disorder (PTSD). On July 16, 2013, defendant Dr. Alba prescribed a drug called Prazosin to treat plaintiff's PTSD. Dr. Alba knew that a major side effect of Prazosin is that it can cause those who take it to faint, but he did not inform plaintiff of this or any other possible side effects of the medication. Later that day, after taking his first dose of Prazosin, plaintiff fainted and fell face-first onto the floor. Three of plaintiff's front teeth were knocked out in the fall, and another front tooth was broken. Plaintiff also sustained injuries to his face that required hospitalization and stitches.

The Eighth Amendment imposes a duty on states to provide medical care to prisoners. Estelle, 429 U.S. at 103. Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. Id. at 104, 97 S.Ct. 285. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (citing Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006)). An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." See Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000) (internal quotation and citation omitted).

Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Dr. Alba.

4

Plaintiff also includes in his complaint a "ministerial neglect" claim. He alleges that a Wisconsin Department of Corrections policy requires doctors to inform patients of drug side effects that could affect patient safety, that Dr. Alba failed to do so, and that plaintiff was subsequently injured. Plaintiff suggests that the proximate cause of his injury was the drug's side effect and Dr. Alba's failure to inform plaintiff about the side effect.

I am unaware of a tort of ministerial neglect under Wisconsin state law. There is an exception to the immunity granted to public entities and officials for "ministerial duties imposed by law." Baumgardt v. Wausau Sch. Dist. Bd. of Educ., 475 F.Supp.2d 800, 809 (W.D. Wis. 2007) (quoting Scott v. Savers Prop. and Cas. Ins. Co., 2003 WI 60, ¶ 16, 262 Wis.2d 127, 663 N.W.2d 715 (2003). "Under the ministerial exception, there is no immunity when a duty 'is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes, and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion.'" Baumgardt, 475 F.Supp.2d at 809 (quoting Lister v. Bd. of Regents, 72 Wis.2d 282, 301, 240 N.W.2d 610 (1976)). In contrast, a discretionary act "requires a public official to determine how a general policy shoudl be carried out or how a general rule should be applied to a specific set of facts." Baumgardt, 475 F.Supp.2d at 810 (citing Lifer v. Raymond, 80 Wis.2d 503, 259 N.W.2d 537 (1977)).

The DOC policy that doctors must inform patients of drug side effects that could affect patient safety does not establish a ministerial duty. There remains room for significant professional judgment by the prescribing physician regarding patient safety, what might affect it, and what side effects must be mentioned. I will not exercise

5

supplemental jurisdiction over a state law claim at this time. See 28 U.S.C. § 1367. Plaintiff may only proceed with his Eighth Amendment claim.

## IV. Conclusion

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for waiver of fee (Docket #4) is **DENIED**.

**IT IS FURTHER ORDERED** that Attorney Gabriel B. Galloway shall arrange to be admitted to practice in the Eastern District of Wisconsin within the next 30 days.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Alba.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Dr. Alba shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $323.71 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

6

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge