UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JUSTIN BURROUGHS,
    **Plaintiff,**

 v.               Case No. 15-CV-754

**DR. ALBA,**
    **Defendant.**
_____

## DECISION AND ORDER

    The plaintiff, Justin Burroughs, currently resides at the Wisconsin Resource Center (WRC). He filed this lawsuit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed on his claim that defendant Dr. Jose Alba was deliberately indifferent to his serious medical needs when he prescribed medication without informing plaintiff of the potential side effects. Before me now is defendant's motion for summary judgment.

### I. BACKGROUND

    The relevant facts are taken from "Defendant's Reply to Plaintiff's Response to Defendant's Proposed Findings of Fact" (ECF No. 28) and "Defendant's Response to (ECF No. 25) Plaintiff's Additional Proposed Findings of Fact" (ECF No. 29).

    Plaintiff has been diagnosed with mood disorder secondary to post traumatic stress disorder and borderline personality disorder and has been housed at WRC for mental health treatment since March 17, 2015. Defendant has been employed by the Wisconsin Department of Health Services as a psychiatrist at WRC since 2005. Since approximately 2007, and at all times relevant to this lawsuit, defendant was one of plaintiff's treating psychiatrists.

On July 16, 2013, defendant saw plaintiff at plaintiff's request. Plaintiff stated that he was feeling relatively well but that he had feelings of low-grade depression and was having some suicidal thoughts and violent dreams. Defendant advised plaintiff that the medication prazosin could be helpful in treating these symptoms. Defendant says that he then told plaintiff that, because prazosin is a high blood pressure medication, plaintiff could experience side effects from taking it, including dizziness, fainting, and falling. Plaintiff denies that defendant told him about potential side effects. Defendant then asked a nurse, who was present for the appointment, to check plaintiff's blood pressure, which was normal. Finally, defendant prescribed plaintiff 2 mg of prazosin to be taken at night, in order to reduce the risk of plaintiff experiencing side effects during the day. Defendant planned to reassess the dosage after two weeks.

Plaintiff took his first dose of prazosin that day. Later that evening, he fainted and fell, sustaining injuries to his face, neck, and teeth.

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). For the purposes of deciding this motion, I resolve all factual disputes and make all reasonable factual inferences in favor of the non-moving party. *Springer v. Durflinger*, 518 F.3d 479, 483–84 (7th Cir. 2008).

2

Here, the only disputed fact is whether defendant informed plaintiff that fainting is a known side effect of prazosin. For the sake of deciding this motion, I assume that he did not. The question then is whether the evidence that plaintiff presents would allow a reasonable jury to find that defendant's "conduct demonstrate[d] 'deliberate indifference to [plaintiff's] serious medical needs'" in violation of the Eighth Amendment. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). For Eighth Amendment deliberate-indifference claims, there is an objective element (that the "medical need be sufficiently serious") and a subjective element ("that the official[] act with a 'sufficiently culpable state of mind'"). *Id.* (first citing *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996); then citing *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); then quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and then citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The parties agree that, for the sake of deciding this motion, the risk of fainting is an objectively serious medical condition, so I will focus my analysis on the subjective element.

To satisfy the subjective element of a deliberate-indifference claim, the plaintiff must show "that the prison official knew of 'a substantial risk of harm to the inmate and disregarded the risk.'" *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (first quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); and then citing *Farmer*, 511 U.S. at 834). But, "in the context of medical professionals, . . . medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012–13 (7th Cir. 2006) (citing *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 592 (7th Cir. 1999)).

3

Plaintiff's claim fails because a reasonable jury could not find, based on the evidence presented, that defendant disregarded the risk of harm to plaintiff from fainting as a side effect of taking prazosin. Defendant's conduct demonstrates that he considered and attempted to mitigate the risk by checking plaintiff's blood pressure before prescribing prazosin; putting plaintiff on a low dose for two weeks; planning to reassess the dose after the first two weeks based on how plaintiff was responding to it; and prescribing the medication to be taken at night to minimize the risk that plaintiff would faint during the day, when plaintiff was more likely to be on his feet and, therefore, to suffer harm from fainting. Defendant's failure to warn plaintiff about the potential side effects of prazosin was, at most, negligent and is not enough on its own, in light of the circumstances, to allow a reasonable jury to find in plaintiff's favor. Defendant is, therefore, entitled to summary judgment.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment (ECF No. 19) is **GRANTED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment

under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment, and any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend these deadlines. Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge